# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | Case No. 2:12-cr-00109-LDG-PAL |
| vs. | ) | **ORDER** |
| ALFONZO LOBAS, | ) | (Mot. Compel Psych Eval. - Dkt. #82) |
| Defendant. | ) | |

The court conducted a hearing on Defendant's Motion for Psychiatric Evaluation (Dkt. #82) on April 16, 2013. Cristina Silva was present on behalf of the government. Bret Whipple was present on behalf of Defendant Lobas who was present in custody. The court heard the respective positions of counsel regarding the motion. Government counsel did not file a written opposition to the motion and does not oppose it. However, counsel for the government advised the court and opposing counsel that the government has obtained recordings of telephone calls of Lobas' calls to his girlfriend since he has been in custody. In the calls Lobas has reportedly told his girlfriend that "they have him cold" and made reference to a "looney bin". Based on these recordings the government believes Lobas is attempting to fabricate an incompetency defense. The government will turn over this discovery to defense counsel and asked that they be provided to the evaluators. The court also asked Defendant Lobas if he understood what his counsel had requested and what the government said in court. Lobas responded by nodding his head indicating a negative response. When asked to respond verbally Lobas indicated that he did not really understand and was not paying attention. Counsel for Lobas indicated that he had been able to communicate with his client but had a concern that his client was not competent.

For good cause shown,

1   **IT IS ORDERED** that Defendant's Motion for Psychiatric Evaluation (Dkt. #82) is
2   **GRANTED**.

3   **IT IS FURTHER ORDERED** that Defendant is placed in the custody of the Attorney General
4   for a psychiatric exam as outlined below.

5   **IT IS FURTHER ORDERED** that in accordance with 18 U.S.C. §§ 4241, 4242, 4247 and
6   Rule 12.2(c) of the Federal Rules of Criminal Procedure, the United States Marshal's Service shall
7   forthwith transport ALFONZO LOBAS, Defendant herein, to a suitable Bureau of Prisons facility that
8   conducts psychological evaluations closest to the court, where Defendant shall submit to a psychiatric
9   or psychological examination to determine if he may presently be suffering from a mental disease or
10  defect rendering him mentally incompetent to the extent that he is unable to understand the nature and
11  consequences of the proceedings against him or to assist properly in his defense.

12  **IT IS FURTHER ORDERED** that ALFONZO LOBAS shall be held in said facility for a
13  reasonable period of time, not to exceed forty-five (45) days unless extended by further order of the
14  court upon application of the Director of said facility, or pursuant to other appropriate motion, or upon
15  order entered by the court *sua sponte*, for a period of up to thirty (30) additional days. 18 U.S.C. §§
16  4247(b) and (c).

17  **IT IS FURTHER ORDERED** that the examination conducted pursuant to this order be by one
18  or more licensed or certified psychiatrists or clinical psychologist. 18 U.S.C. § 4247(b).

19  **IT IS FURTHER ORDERED** that, within forty-five (45) days from the date of entry of this
20  Order, or such additional period as may be ordered by the court, the Director of the facility at which the
21  examination has been conducted shall prepare, or cause to be prepared, a psychiatric or psychological
22  report with the court, with copies provided to Defendant's counsel, Brett Whipple, 1100 S. 10th Street,
23  Las Vegas, Nevada, 89104; and counsel for the United States, Cristina Silva, Assistant United States
24  Attorney, 333 Las Vegas Boulevard South, Suite 5000, Las Vegas, Nevada 89101. 18 U.S.C. §§
25  4241(b), 4242(a), and 4247(b) and (c).

26  **IT IS FURTHER ORDERED** that the psychiatric report shall, pursuant to 18 U.S.C.
27  § 4247(c), include the following:
28      1.      The Defendant's history and present symptoms;

2.  A description of the psychiatric, psychological, and medical tests that were employed, and their results;

3.  The examiner's findings;

4.  The examiner's opinion as to diagnosis and prognosis; and,

5.  The examiner's opinion as to whether the Defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

**IT IS FURTHER ORDERED** that a hearing to determine the mental competency and mental condition of the Defendant shall be scheduled upon receipt of the psychiatric report. Defendant shall be present for the hearing. 18 U.S.C. § 4247(d).

**IT IS FURTHER ORDERED** that the court finds that the period of time required by the above-described psychiatric or psychological examination of Defendant and the court's determination of the Defendant's competency to stand trial and his sanity at the time of the offense charged is excludable time under the Speedy Trial Act, Title 18, United States Code, Section 3161(h)(1)(A).

Dated this 17th day of April, 2013.

_____
Peggy A. Leen
United States Magistrate Judge