UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| United States of America, | Case No.: 2:12-cr-00109-APG-PAL |
|---|---|
| Plaintiff | **Order Denying Motion for Time Credit** |
| v. | [ECF No. 166] |
| Alfonzo Lobas, | |
| Defendant | |

Defendant Alfonzo Lobas filed a letter (which I will treat as a motion) requesting that I award him credit for the time he was in custody on state court charges. ECF No. 166. This is the second time Mr. Lobas has requested such relief. *See* ECF No. 160. I denied his previous request because I do not have the authority to grant Mr. Lobas prison credit time. *See* ECF No. 162. Rather, that authority belongs to the Bureau of Prisons. *United States v. Wilson*, 503 U.S. 329, 334-335 (1992); *United States v Checchini*, 967 F.2d 348, 349-350 (9th Cir. 1992) (citing *Wilson*).

In my prior order, I suggested that Mr. Lobas pursue his administrative remedies through the Bureau of Prisons. He apparently did that because the Bureau of Prisons sent me a letter seeking input as to whether his sentence should run consecutive or concurrent to the state court sentences. *See* ECF No. 170. Judge George originally sentenced Mr. Lobas. ECF No. 110. At that time, Mr. Lobas had not yet been sentenced in state court. There apparently was no discussion about whether the federal sentence should be consecutive or concurrent to the anticipated state court sentences. When I re-sentenced Mr. Lobas,[1] no one raised the issue of

---

[1] The parties jointly moved to vacate Mr. Lobas's conviction under 18 U.S.C. § 924(c) after the decision in *United States v Davis*, 139 S.Ct. 2319 (2019). The case was transferred to me for re-sentencing.

consecutive or concurrent.  The Bureau of Prisons points out that one of the state court sentences (for a 364-day custodial term) is silent as to consecutive or concurrent, while the second state court sentence (for a 28- to- 74-month custodial term) was intended to run concurrently with the federal sentence. *See* ECF No. 170 at 2.

I have no information whether the acts underlying the state convictions were related to those underlying the federal convictions.  But given that the only judge to address the issue (the state court judge) indicated that the state sentence should run concurrent to the federal sentence, the Bureau of Prisons may wish to consider that in deciding how best to effectuate justice between the state and federal systems.  Because I have insufficient information and no authority to make such a decision, I must deny Mr. Lobas's motion without prejudice.

I THEREFORE ORDER that Mr. Lobas's motion **(ECF No. 166) is denied** because I lack the authority to grant the requested relief.

DATED this 24th day of November, 2020.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE